```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )    CR 23-00055-SOM-1
                               )
          Plaintiff(s),        )
                               )    AMENDED ORDER REGARDING JOINT
     vs.                       )    PROPOSED JURY INSTRUCTION No.
                               )    8 AND PROOF OF KNOWLEDGE OF
LUIS MIGUEL CASTRO ALAVEZ,     )    DRUG TYPE
                               )
          Defendant(s).        )
_____  )
```

**AMENDED ORDER REGARDING JOINT PROPOSED JURY INSTRUCTION NO. 8 AND PROOF OF KNOWLEDGE OF DRUG TYPE**

In Joint Proposed Jury Instruction No. 8, the parties have jointly proposed that the court instruct the jury in a manner that is inconsistent with this court's reading of applicable Ninth Circuit law.  During an off-the-record conference in chambers on October 16, 2023, conducted to resolve jury instructions, this court questioned the appropriateness of the jointly proposed instruction.  This court noted that, in this court's view, the proposed instruction left open the issue of whether the United States had to prove that Defendant knew that the controlled substance he had allegedly attempt4ed to possess was methamphetamine.  This court told the parties that this court read the en banc decision in *United States v. Collazo*, 984 F.3d 1308 (9th Cir. 2021) (en banc), as having definitively held that, just as the united States does not have to prove a defendant's knowledge of drug amount to trigger a mandatory minimum at

sentencing, the United States does not have to prove a defendant's knowledge of drug type to trigger a mandatory minimum sentence. Rather, this court's position is that, within the Ninth Circuit, the United States only has to prove the drug type and triggering amount, not the defendant's knowledge of either.

Defendant in the present case has taken the position that *Collazo* applies only to completed drug crimes, not to attempted drug crimes such as the crime charged in Count 2 in this case. For its part, the United States considered the court's position and consulted with colleagues by phone during the off-the-record conference, then further consulted with colleagues following the conference, ultimately informing this court that it continued to request that this court give Joint Proposed Jury Instruction No. 8.

The court engaged the parties in an extensive discussion on the issue. The court noted this judge's familiarity with the issue, which had come up in more than one case before this judge. *See, e.g.*, *United States v. Valenzuela*, Crim. No. 19-00126 (see especially ECF No. 34, in which the United States took a position contrary to the position taken here, and ECF No. 64); *United States v. Wilson*, Crim. No. 09-00050 (with mistrial following note from jury about knowledge requirement at ECF No. 151, and subsequent plea of guilty to lesser charge in Criminal No. 11-01254).

This judge also told the parties that this judge had participated in lengthy discussions while serving on the Ninth Circuit's Jury Instructions Committee about *United States v. Hunt*, 656 F.3d 906 (9th Cir. 2011), which had imposed the requirement that the

United States prove a defendant's knowledge of drug type. When a separate three-judge panel of the Ninth Circuit issued *United States v. Jefferson*, 791 F.3d 1013 (9th Cir. 2015), further discussion on the subject ensued on the committee, causing this judge, then the committee chair, to contact a member of the *Jefferson* panel to discuss the tension between *Hunt* and *Jefferson*. The *Jefferson* decision did not mention *Hunt* at all, so the committee was not entirely sure how best to fashion model instructions on the issue of knowledge of drug type. The committee addressed the tension between the cases in comments to certain model instructions, noting that at the district court level there had been at least one ruling limiting *Hunt* to the attempt scenario given the attempted possession charge at issue in *Hunt*.

Even before the *Jefferson* decision, a Ninth Circuit panel, in an unpublished decision in a case originating from Judge Derrick Watson of this district, determined that there was no requirement that the United States prove a defendant's knowledge of drug type. *See United States v. Wright*, 692 F. App'x 873 (9th Cir. 2017).

The tension between *Hunt* and *Jefferson* continued for years. From 2011, when *Hunt* was decided, this judge repeatedly discussed that case with the attorneys and parties in drug cases assigned to her. After *Jefferson* was decided in 2015, this judge repeatedly raised the tension between *Hunt* and *Jefferson* during proceedings in multiple drug cases she presided over. The matter, which came up most often during guilty plea colloquies, was sometimes resolved by evidence the United States presented establishing defendants' knowledge of drug type.

The en banc decision in *Collazo* appeared to this court to resolve the matter by holding that knowledge of drug type did not have to be shown.  However, while the *Collazo* dissent explicitly mentioned *Jefferson*, neither the majority nor the dissent mentioned *Hunt* at all. With that silence, Defendant in the present case argues that Hunt remains good law in attempt cases.

This court disagrees with Defendant, concluding that the reasoning in *Collazo* does not support distinguishing between actual possession and attempted possession with respect to the issue of knowledge of drug type.  In addition, it appears to this court that the parties' agreement that the United States need not prove Defendant's knowledge of drug amount even in attempt cases makes it illogical to impose a requirement that the United States prove knowledge of drug type only in attempt cases.  Amount and drug type are equally important sentencing factors.

This court's reading of *Collazo* is not newly announced in the present case.  It was made clear in this court's decision in the *Valenzuela* case cited above.  In that case, which began before *Collazo* was decided, AUSA Mark Wallenstein told the court that he had made it his goal to have this judge recognize that it should follow *Jefferson* and disregard *Hunt*.  He presented the position of the United States in written and oral arguments submitted to this judge.  *Valenzuela* involved a single count of attempted possession of methamphetamine with intent to distribute.  Before the case ended, the *Collazo* decision issued, and this judge applied it to the case at hand.  The

4

position taken by the United States in the present case is an about-face from the position the United States took in *Valenzuela*.

Notwithstanding this court's view that *Collazo* controls here, this court told the parties that if the United States was asking to bear a burden that this court did not think Ninth Circuit law imposed on the United States, the court was willing to give Joint Proposed Jury Instruction No. 8.  Defense counsel noted an intent to argue based on that instruction that the United States had failed to prove that Defendant knew the drug type.  Whether the United States was agreeing with Defendant that *Hunt* controls, was making a strategic decision to limit appeal issues if it obtained a conviction on Count 2, thought it would prevail on Count 1 and did not care about Count 2, or thought that the United States would be satisfied with a simple conviction without a mandatory minimum sentence on Count 2, this court was willing to let the United States volunteer to shoulder what might be an extra burden.

In an off-the-record telephone conference on October 16, 2023, the parties agreed to a verdict form that included the requirement that the United States prove knowledge of drug type with respect to Count 2.  With respect to Count 2, the court proposes to add the following sentence to the instruction that tells the jury that the United States need not prove that Defendant knew the amount of drug: "Because the parties have agreed that, with respect to Count 2, the Government must prove beyond a reasonable doubt that the Defendant knew what type of controlled substance was involved, you must determine whether the Government has met that burden."

The results of the October 16 off-the-record discussions will be placed on the record on October 17, 2023.

DATED: Honolulu, Hawaii; October 17, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States of America v. Luis Miguel Castro Alavez*, Cr. No. 23-00055 SOM; AMENDED ORDER REGARDING JOINT PROPOSED JURY INSTRUCTION No. 8 AND PROOF OF KNOWLEDGE OF DRUG TYPE